UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GERRARD D. JONES,

    Plaintiff,

v.                                                                              Case No.  6:23-cv-1738-PGB-DCI

SERGEANT TEXIERA,

    Defendant.
_____/

**ORDER**

THIS CAUSE comes before the Court on Plaintiff Gerrard D. Jones's civil rights Complaint (Doc. 1), filed under 42 U.S.C. § 1983; his application to proceed in district court without prepaying fees or costs (Doc. 2), which the Court construes as a motion to proceed *in forma pauperis*; and his Motion for Ruling on IFP Status (Doc. 4).

The Court, upon a finding of indigency, may authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915. However, the court must first determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief against a defendant immune from that relief. 28 U.S.C. § 1915(e)(2)(B).

A. **Plaintiff's Allegations**

Plaintiff sues Sergeant Texiera, a prison guard, in his individual capacity in connection with events that occurred while Plaintiff was imprisoned at Tomoka Correctional Institution ("Tomoka CI") in 2021. (Doc. 1 at 2).[1]

Plaintiff alleges that, prior to 2021, he was imprisoned at Santa Rosa Correctional Institution ("Santa Rosa CI"), where he was attacked by prison guards, and for which he filed suit. The name of one of the guards involved in the alleged attack and lawsuit is Mark Goldhagen. (Doc. 1 at 5). Plaintiff alleges that Goldhagen and Sergeant Texiera are friends and that both are members of the Ku Klux Klan ("KKK"). (Doc. 1 at 5).

On August 8, 2021, while housed in confinement at Tomoka CI, Plaintiff gave the inmate orderly some legal documents for his Santa Rosa CI lawsuit so the orderly could take it to the law library for copying. (Doc. 1 at 5). However, Sergeant Texiera told the orderly to bring the documents to him, following which Sergeant Texiera tore them up. (Doc. 1 at 6).

---

[1] The Court notes that Plaintiff files a "non-prisoner complaint" (Doc. 1 at 1), his address of record is a residential (rather than institutional) address, and publicly available records from the Florida Department of Corrections ("FDOC") show that Plaintiff is no longer imprisoned but is currently serving a term of supervised release.

When the orderly informed Plaintiff what occurred, Plaintiff "yelled down the hall" to Sergeant Texiera and complained about his actions. (Doc. 1 at 6). When Sergeant Texiera came to Plaintiff's cell, "he told [Plaintiff] that every time [Plaintiff] send[s] something out, he would tear it up[] if it was against his 'brother' Goldhagen." (Doc. 1 at 6). Sergeant Texiera also "[]bragged[] about being in the 'KKK.' " (Doc. 1 at 6).

Plaintiff continued to ask for his documents, and he timely filed grievances. (Doc. 1 at 6). Sergeant Texiera threatened to "mace, beat, and kill [Plaintiff] if [he] kept going on about him destroying [Plaintiff's] legal papers." (Doc. 1 at 6). At one point, Sergeant Texiera "went and got 5 other white guards and took [Plaintiff] out of [his] cell and . . . off camera and threw [him] into a brick wall, injuring [him]." (Doc. 1 at 6). Sergeant Texiera also falsely informed the other inmates in the wing that Plaintiff was "a child molester who was in prison for raping very young children." (Doc. 1 at 7).

Plaintiff alleges that Sergeant Texiera threatened to "get [Plaintiff] hit" (*i.e.*, stabbed/killed[] by an inmate") if Plaintiff did not drop the lawsuit against Goldhagen and to "get the captain" and "have [Plaintiff] gassed" if Plaintiff "did not shut up" about his legal papers. (Doc. 1 at 7).

On August 9, 2021, Sergeant Texiera placed another inmate in Plaintiff's cell and threatened that the inmate, who had a knife, would kill Plaintiff for him.

3

Sergeant Texiera had the inmate remove Plaintiff's mattress, and Sergeant Texiera poked Plaintiff hard in the eye. A medical professional at Tomoka CI's medical department diagnosed Plaintiff with a severe eye injury, and Plaintiff was informed that he would need surgery. (Doc. 1 at 7–8).

Plaintiff asserts violation of his Fourth and Eighth Amendment rights (Doc. 1 at 3) and violation of Florida Department of Corrections policies, rules, and procedures. (Doc. 1 at 8).

Plaintiff seeks declaratory relief; nominal, compensatory, and punitive damages; costs and attorney's fees, and a jury trial. (Doc. 1 at 9).

B. **Analysis**

Plaintiff's allegations regarding his destroyed legal documents imply a claim for violation of his right to access the courts. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002); *Bank of Jackson Cty. v. Cherry*, 980 F.2d 1362, 1370 (11th Cir. 1993)).[2] To state such a claim, Plaintiff must allege

---

[2] Although Plaintiff does not cite these provisions, The Court must read a plaintiff's pro se allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972). "Federal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework." *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003).

that he suffered an actual injury. *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1271 (11th Cir. 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996)); *United States v. Stringer*, 546 F. App'x 896, 897 (11th Cir. 2013)). To allege an actual injury, Plaintiff must demonstrate that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate basic constitutional rights." *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (quoting *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam)). Plaintiff has not done so here. Therefore, the access to the courts claim is dismissed.

To the extent he claims Sergeant Texiera "stole and tore up [his] property," the Supreme Court has held that neither negligent deprivation of property nor "unauthorized intentional deprivation of property by a state employee . . . constitute a [constitutional] violation . . . if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff has an adequate post-deprivation remedy under state law — a suit for theft or conversion. *See Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009). Therefore, such a claim is not cognizable under Section 1983 and is dismissed.

Plaintiff's allegations regarding Sergeant Texiera's spreading of false information about Plaintiff and threats of harm, including his actions in bringing another inmate into the cell for the alleged purpose of harming or killing Plaintiff, also fail to state a cognizable claim, on their own, under Section 1983. This is

because, "[g]enerally, allegations that an officer made derogatory, demeaning, profane, threatening, or abusive comments to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation[,] . . . even for threats of violence, if such threats do not result in actual physical contact." *Balcom v. Valezna*, No. 1:19-CV-170-ECM, 2019 WL 1645227, at *1 (M.D. Ala. Mar. 29, 2019) (collecting cases), *report and recommendation adopted sub nom. Balcom v. Valenza*, No. 1:19CV170-ECM, 2019 WL 1645213 (M.D. Ala. Apr. 16, 2019).

Those allegations, however, when read in conjunction with Plaintiff's claim that the threats were issued due to his ongoing lawsuit against Goldhagen and his continued complaints and grievance-filing activities related to Sergeant Texiera's destruction of his legal documents, imply claims for retaliation under the First Amendment.[3] Plaintiff's allegations relating to the construed First Amendment retaliation claims are sufficient at this stage of the proceedings to move to service of process.

Finally, Plaintiff's allegations that, because of his lawsuit and grievance activities Sergeant Texiera threw him into a wall causing him injury and intentionally poked him in the eye causing a serious eye injury imply claims for the use of excessive force. Plaintiff's excessive force allegations are sufficient at this stage of the proceedings to move to service of process.

---

[3] *See supra* n.2.

6

Accordingly, the following is **ORDERED**:

1. This action may proceed to service of process of the Complaint (Doc. 1) on Sergeant Texiera for Plaintiff's claims against Sergeant Texiera for retaliation and excessive force.

2. The remaining claims are **DISMISSED without prejudice**.

    a. If Plaintiff desires to proceed with the dismissed claims, he must file an amended complaint within **THIRTY DAYS** after the date of this Order.

    b. To amend his complaint, Plaintiff should fill out a new civil rights complaint on the appropriate form, marking it "Amended Complaint." The amended complaint supersedes the original complaint and must include **all** of Plaintiff's claims (including those claims identified in this Order as sufficient to proceed to service of process). The amended complaint may not refer to or incorporate portions of the prior complaint.

    c. Should Plaintiff fail to timely amend his complaint, the case will proceed to service of process of the Complaint (Doc. 1) on Sergeant Texiera by separate order.

3. To proceed with this action and serve the Complaint (or any subsequently filed amended complaint) on Sergeant Texiera, Plaintiff must complete the following forms:

   **A. Notice of a Lawsuit and Request to Waive Service of a Summons**

   Plaintiff must write his name, the defendants' names, and the case number in the designated spaces on the top of the Notice of a Lawsuit and Request to Waive Service of a Summons Form. Plaintiff shall fill in 30 days as the number of days allowed to answer. <u>PLAINTIFF MUST SIGN THE NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS FORM.</u> Plaintiff <u>should not</u> fill in the date in the line following the sentence that reads: "I certify that this request is being sent to you on the date below."

   **B. Waiver of the Service of Summons**

   Plaintiff shall write his name, the defendants' names, and the case number in the designated spaces on the top of the form. Plaintiff must return the original and one copy of the completed Waiver of the Service of Summons. <u>PLAINTIFF SHOULD NOT COMPLETE OR SIGN ANY OF THE BLANKS AFTER THE SENTENCE STATING, "If I fail to do so, a default judgment will be entered against me or the entity I represent."</u>

   **C. Marshal's form (Form 285)**

   Plaintiff is required to fill in his name and address and the name(s) and address(es) of Defendant(s) in the appropriate spaces on the Marshal's form. <u>PLAINTIFF MUST SIGN THE 285 FORM</u>.

4. Plaintiff shall mail the original completed forms and one additional copy of each of the completed forms, along with two additional identical copies of the Complaint (or two additional identical copies of the amended complaint, if filed) to the Clerk's Office within **THIRTY (30) DAYS** after the date of this Order.

5. **Plaintiff's failure to timely return the completed forms and service copies may result, without further notice, in dismissal of this case without prejudice for failure to prosecute**.

6. Upon consideration of the Complaint and the financial information provided by Plaintiff in his application, Plaintiff's request to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

7. Plaintiff's Motion for Ruling on IFP Status (Doc. 4) is **GRANTED** to the extent that this Order is entered.

8. The Clerk is directed to mail to Plaintiff, along with this Order:

    a. a copy of the standard non-prisoner civil rights complaint form; and

    b. **two** copies of each service-related form described above.

**DONE** and **ORDERED** in Orlando, Florida on September 28, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party