UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Gerrard Jones,

    Plaintiff,

v.                                                                     Case No. 6:23-CV-1738-PGB-DCI

Sergeant J. Teixeira,

    Defendant.
_____/

## DEFENDANT SERGEANT J. TEIXEIRA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Defendant, Sergeant J. Teixeira (hereinafter "Defendant"), by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files this Motion to Dismiss Plaintiff's Complaint for Violation of Civil Rights and Memorandum of Law. Defendant seeks dismissal of the complaint for failure to state a claim. As grounds therefore, Defendant states as follows:

    1.    At all times relevant, Plaintiff, Gerrard Jones, *pro se* was an inmate incarcerated in the care and custody of the Florida Department of Corrections.

    2.    On September 8, 2023, Plaintiff filed his complaint in this matter. ECF No. 1.

    3.    The Complaint alleges Defendant violated his Fourth and Eighth Amendment rights while Plaintiff was incarcerated at Tomoka Correctional Institution. ECF No. 1. As such, Plaintiff seeks declaratory relief with a finding that

Defendant violated his Fourth and Eighth Amendment rights, nominal damages, compensatory damages in the amount of one million dollars ($1,000,000.00), and punitive damages in the amount of twenty-five million dollars ($25,000,000.00). ECF No. 1 at 9.

4. In response, Defendant moves for dismissal of Plaintiff's Complaint for failure to state a claim.

## I. Facts and Procedural History.

Plaintiff, Gerrard Jones, *pro se*, sues Defendant over an incident that occurred while Plaintiff was incarcerated at Tomoka Correctional Institution. ECF No. 1. Plaintiff states that Defendant is sued in his individual capacity. ECF No. 1 at 2. In the Complaint, Plaintiff claims that his Eighth and Fourth Amendment rights were violated when Defendant withheld his legal mail, allowed another inmate to enter his cell with a weapon, and Defendant poked Plaintiff in the eye. ECF No. 1.

According to the Complaint, Defendant was friends and "KKK" members with another prison guard at another facility who Plaintiff had named as a defendant in another suit from an incident in 2015. ECF No. 1. Plaintiff claims that while he was in confinement, Defendant had a policy in which an orderly would take the legal documents from the wing to the law library for copying. ECF No. 1. Plaintiff claims that Defendant required the orderly to destroy the legal paperwork. ECF No. 1. Plaintiff alleged that he complained to Defendant about the destruction of his documents and Defendant threatened to continue to destroy anything about his fellow

"KKK" members. ECF No. 1. Plaintiff contends he continued to complain and grieve about the documents and alleged Defendant threatened him.  ECF No. 1. Plaintiff then claims that Defendant, with the assistance of five unnamed guards took Plaintiff out of his cell and threw him against a brick wall, outside the view of any cameras. ECF No. 1.

Finally according to Plaintiff, on August 9, 2021, Defendant had another inmate enter Plaintiff's confinement cell with a weapon and remove Plaintiff's mattress, while Defendant poked Plaintiff in the eye injuring him. ECF No. 1.

## MEMORANDUM OF LAW

**II.        Standard of Review.**

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept all allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008).  "To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff's Complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F. 3d 1270, 1274 (11th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007)).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  "[T]he tenet that a court must accept

as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 663. It is not enough that a claim is conceivable, the applicable standard is that a claim must be plausible on its face and is subject to dismissal when the facts pleaded do not meet this requirement. *Twombly,* 550 U.S. at 570. The federal pleading rules require a complaint to provide sufficient notice to a defendant regarding the causal connection between the defendant and the plaintiff's claim, so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people…" *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 347 (2005). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts" will not survive a motion to dismiss. *Oxford Asset Mgt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court, referring to its earlier decision in Twombly, set forth a two-pronged approach to evaluating motions to dismiss. First, a reviewing court must determine whether a plaintiff's allegation is merely an unsupported legal conclusion that is not entitled to an assumption of truth. Next, the court must determine whether the complaint's factual allegations state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 679.

### III.    Argument in Support of Dismissal.

   a. *Plaintiff Fails to Meet Pleading Requirements and Fails to State a Claim Upon Which Relief May be Granted.*

Plaintiff does not satisfy the pleading requirements set forth by the Federal Rules of Civil Procedure. Although Plaintiff, as a *pro se* litigant, is held to a lesser pleading standard, she must "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). Plaintiff fails to comply with Fed. R. Civ. P. 8(a), which provides that a complaint must contain a "short and plaint statement of the claim showing that the pleader is entitled to relief…"

Complaints that fail to articulate the plaintiff's claims with clarity and prevent the defendant from framing a response constitute a "shotgun pleading," which are prohibited under the Federal Rules. *Byrne v. Nezhat*, 261 F.3d 1075, 1128-1129 (11th Cir. 2001).

Plaintiff's Amended Complaint constitutes an impermissible shotgun pleading and should be dismissed. "[S]hotgun pleadings wreak havoc on the judicial system." *Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001). The Eleventh Circuit "has been roundly, repeatedly, and consistently condemning [shotgun pleadings] for years." *Davis v. Coca–Cola Bottling Co.,* 516 F.3d 955, 979 (11th Cir. 2008). "A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6)." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014). The Eleventh Circuit has described the following categories of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

Plaintiff alleges Defendant engaged in a multitude of behaviors and actions in which all actions amount to violations of his Fourth and Eighth Amendment rights, while never actually stating which actions are responsible for the violations. The Complaint is wrought with conclusory allegations that are irrelevant to Fourth and Eighth Amendment violations. Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim and meet the pleading requirements.

Additionally, it is unclear how any of these allegations violate the Plaintiff's Fourth Amendment rights. Claims of excessive force against law enforcement officials in the course of making an arrest of a private person are analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388, 395 n.10 (1989).

As Plaintiff was not a private person at the time of the incident and Defendant is not law enforcement and was not engaged in making an arrest, all Fourth Amendment claims, however they may be interpreted, should be dismissed.

      b. *Failure to state a claim for declaratory relief.*

A claim for declaratory judgment must allege "(1) a bona fide adverse interest between the parties concerning a power, privilege, immunity or right of the plaintiff; (2) the plaintiff's doubt about the existence or non-existence of this rights or privileges; and (3) that he is entitled to have the doubt removed." *Quadomain Condo. Assn, Inc. v. QBE Ins. Corp.*, 2007 WL 1424596, *2 (S.D. Fla. 2007). The plaintiff must also allege facts which demonstrate a substantial continuing controversy. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999). Past exposure of illegal conduct does not demonstrate the presence of a case or controversy. *Raske v. Dugger*, 819 F. Supp. 1046, 1055 (M.D. Fla. 1993) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)). Thus, once an inmate has been transferred, his claim for declaratory relief in a section 1983 action fails to present a case or controversy. *Raske v. Dugger*, at 1055 (M.D. Fla. 1993) (citing *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir.1985)).

Here, Plaintiff seeks declaratory judgement that his Fourth and Eighth Amendment rights were violated. Plaintiff is not entitled to declaratory judgment. As Plaintiff's incident of alleged illegal conduct is an event that occurred on August 9, 2021, it is a past event. Plaintiff is no longer incarcerated at Tomoka Correctional Institution, therefore, there is no longer a substantial continuing controversy in his 42 U.S.C. § 1983 action.

IV.     Conclusion.

Plaintiff has failed to state a claim which would entitle him to relief under the Fourth and Eighth Amendments and any claim for declaratory relief.  Defendant Sergeant Teixeria respectfully requests that this Honorable Court dismiss Plaintiff's Complaint.

Respectfully Submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

/s/ Jessica Schwieterman
Jessica Schwieterman
Senior Assistant Attorney General
Florida Bar No. 116460
Office of the Attorney General
3507 E. Frontage Road, Suite 150
Tampa, FL 33607
T - (813) 233-2880; F - (813) 281-1859
Jessica.Schwieterman@myfloridalegal.com
Victoria.Lingua@myfloridalegal.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g), the undersigned counsel attempted to confer with Plaintiff on this motion via a phone call on May 22, 2024 and again via an email. Plaintiff has not responded to either form of contact to date. The undersigned will continue her efforts to contact and update the court.

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of May, 2024, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I further certify that the foregoing is being served this day via First-Class U.S. Mail to: Plaintiff, Gerrard Jones, *Pro se*, 1712 E Cayuga St, Tampa, FL 33610.

/s/ Jessica Schwieterman
Jessica Schwieterman
Senior Assistant Attorney General