UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GERRARD JONES,
     PLAINTIFF,
-V-
SERGEANT J. TEIXEIRA,
     DEFENDANT.

CASE # 6:23-CV-1738-PGB-DCI
(CLERK:
SEE ALSO: ENCLOSED "NOTICE OF NEW ADDRESS")

PLAINTIFF'S "MOTION TO ACCEPT AS TIMELY FILED", THE ACCOMPANYING "PLAINTIFF'S SWORN REPLY" TO DEFENDANT'S MOTION TO DISMISS ("MTD"), FOR GOOD CAUSE SHOWN.

COMES NOW PLAINTIFF, GERRARD JONES, PRO SE, STATING:

1. PLAINTIFF WAS IN TAMPA, UNINCARCERATED IN JUNE 2024 AND RECEIVED A COPY OF A MOTION TO DISMISS, AND, IN JUNE, RECEIVED AN ORDER FROM THIS COURT GIVING HIM 21 DAYS TO FILE A REPLY TO DEFENDANT'S MTD.

2. PLAINTIFF, DURING THIS SAME EARLY JUNE TIMEFRAME WAS DEPRIVED OF HIS PSYCHOTROPIC MEDICATIONS WHICH HE'S TAKEN FOR YEARS, DUE TO A PHARMACY MIX-UP, THAT LASTED INTO EARLY JULY, AND PLAINTIFF WAS MENTALLY UNSTABLE

3. DURING THAT TIME, PLAINTIFF CALLED OPPOSING COUNSEL, WHO ADVISED PLAINTIFF THAT SHE HAD NO OBJECTION TO PLAINTIFF SEEKING AN EXTENSION TO FILE HIS REPLY TO THE MTD.

4. PLAINTIFF THEN, IN HIS UNSTABLE CONDITION, DRAFTED A MOTION FOR EXTENSION prior to THE 21 DAY DEADLINE, BUT, PLAINTIFF, MENTALLY OFF KILTER, SENT IT TO A WRONG ADDRESS, OTHER THAN THIS COURT, AND IT CAME BACK, FINALLY, 3 WEEKS AFTER SENT.

5. MEANWHILE, STILL BY THEN NOT HAVING YET RECEIVED HIS PSYCHE MEDS, PLAINTIFF ENDED UP WITH A TECHNICAL VIOLATION OF HIS PAROLE ON 7-8-24, AND WAS TAKEN BY INTO CUSTODY, AND, FINALLY, ON 7-23-24 WAS GIVEN HIS PSYCHE MEDS AND IS FINE.

(1)

6. Plaintiff now begs this Court's forgiveness, and asks that this Court accept the accompanying "Reply to MTD" as timely filed.

7. Opposing counsel has previously told Plaintiff that if any extension were needed, she would not oppose, and, Plaintiff generally agreed to same. Moreover, Defendant has not suffered any harm whatsoever connected to this late filing.

8. Wherefore, for good cause shown herein, Plaintiff asks this Court to accept the accompanying "Plaintiff's Reply to Defendants MTD," as timely filed.

### Plaintiff's Sworn Reply to Defendant's MTD

9. Defendant moves for dismissal, arguing, at paragraph 4 of the MTD that the dismissal is sought for Plaintiff's "Failure to State a Claim".

10. Defendant goes on, in Section "I," at pages 2 and 3 of the MTD, to purportedly "sum up" Plaintiff's complaint in a cherry-picked snippet/snapshot, summing up with: "... In the complaint, Plaintiff claims that his Eighth and Fourth Amendment rights were violated when Defendant withheld his (Plaintiff's) legal mail, allowed another inmate to enter his (Plaintiff's) cell with a weapon, and Defendant poked Plaintiff in the eye...."

11. Defendant, at Section "III," at pages 4, 5, 6, and 7, makes a basic blanket argument that Plaintiff alleges Defendant engaged in a multitude of actions, while never stating which actions are responsible for the violations.

(2)

12. Plaintiff counters that his complaint is fact specific to survive dismissal.

13. Indeed, as to Defendant's contention that Plaintiff merely alleged that Defendant "withheld" Plaintiff's legal mail, Plaintiff never stated any such thing, as regards "withheld" Plaintiff's mail.

14. Plaintiff alleges that, specific to Plaintiff, Defendant:
- Assigned inmate "Flav" to get Plaintiff's documents (legal papers),
- Bring them to Defendant, to have Defendant destroy them,
- "Tear it up" (legal papers)
- All to assist Defendant's "KKK" brother (Mark Goldhagen) to get Plaintiff's then pending case dropped, in case #3:18-cv-155, Jones v. Schwarz, later settled in Plaintiff's favor, where, while at Santa Rosa Prison, Defendant Teixeira's "KKK brother", Mark Goldhagen, had beat, choked unconscious, and stuck a metal object into Plaintiff's rectum, while Plaintiff was handcuffed behind his back, leg-shackled, totally helpless and not resisting.

15. These specifics are made in Plaintiff's complaint, at paragraphs 1, thru 11, and also did so to deny my court access.

16. It is elementary then, that as to the "legal papers," this claim relates, clearly, to the 4th Amendment, which provides a right to be "secure in property and papers." (Accord: Wright v. Newsome, 795 F.2d 964 (11th Cir. 1986) (claim stated where prison staff seized and destroyed Wright's legal papers).

17. Here, Plaintiff, inter alia, has clearly pled to this claim.

(3)

18. Secondly, Defendant neglected to address too, the claim that Defendant "Teixeira had the inmate to take my mattress too". (Paragraphs 11 and 12 of Complaint).

19. That, likewise, was my "property", taken at knifepoint by Defendant. It's very well pled to state a factual claim, as with my legal papers, upon which to be plausible and meritorious, to survive dismissal, and, to convince a jury to return a verdict for Plaintiff.

20. Thus, as to the 4th Amendment legal papers/mattress components, it is clear that these are the facts which constitute the 4th Amendment claims, that Defendant brought a big black inmate to my cell, who was armed with a knife, and, at Defendant's behest, took my mattress. And, Defendant had a separate inmate steal my legal papers, give them to Defendant, and Defendant "destroyed them / torn up". (Lawsuit, Paragraphs 5, 6, 7, 11, and 12). Dismissal must be denied, as to 4th Amendment claims.

21. Turning now to the 8th Amendment claims, Defendant states that the facts are not sufficiently pled to state a claim, and sums the facts up as Plaintiff only saying he was poked in the eye.

22. Such is very far from the truth. Plaintiff stated in his lawsuit that Defendant was/is a "KKK" member, acting on behalf of a fellow "KKK" member, Mark Goldhagen, who had brutally attacked Plaintiff, and stuck a metal pen into Plaintiff's rectum while Plaintiff was at Santa Rosa Prison (Lawsuit, Paragraphs 2, 9).

(4)

23. PLAINTIFF ASSIGNED A "MOTIVE" OF RACIAL ANIMUS, WITH DEFENDANT BEING A FELLOW KKK MEMBER WITH MARK GOLDHAGEN, AND, THAT DEFENDANT WAS TAKING ALL MY LEGAL PAPERS RELATED TO THE THEN PENDING LAWSUIT AGAINST MARK GOLDHAGEN, SO AS TO HELP GOLDHAGEN TO GET THE CASE THROWN OUT OR PREVENT ME ACCESS TO COURT. (LAWSUIT, PARAGRAPHS 2 THRU 12).

24. PLAINTIFF FURTHER STATED 3 SEPARATE, CLEAR BASES OF 8th AMENDMENT VIOLATIONS:

   A). ✓ THAT DEFENDANT "WENT AND GOT 5 OTHER WHITE GUARDS AND TOOK ME OUT MY CELL AND TOOK ME OFF CAMERA and threw me into a brick wall, injuring me". (LAWSUIT, PARAGRAPH 7). THATS AGGRAVATED BATTERY.

   B). ✓ SECONDLY, THAT DEFENDANT "ON 8-9-2021, CAME TO MY CONFINEMENT CELL, WITH NO OTHER OFFICER, But had a big inmate (Black) with him. (DEFENDANT) Teixeira ordered me to stand back, and the inmate entered my cell and had a knife, and Teixeira was saying the inmate would kill me for Teixeira" THAT'S "ASSAULT". (LAWSUIT, PARAGRAPH 11). "Inmate Hitman" (LAWSUIT, PARAGRAPH 16).

   C). ✓ THIRDLY, THAT (WHILE DEFENDANT HAD THE INMATE HOLDING ME AT KNIFEPOINT) "TEIXEIRA then poked me very hard in the eye with his finger, and various medical staff has advised me, I need eye surgery, due to these injuries" (LAWSUIT, PARAGRAPH 11). "I was in excruciating pain from being poked in the eye by Teixeira. That also caused me anxiety, mental anguish, and physical suffering (LAWSUIT, PARAGRAPH 12). "Teixeira acts were intentional and intelligently carried out to injure and terrify me, and did accomplish same" (LAWSUIT, PARAGRAPH 13, 14, 15). THAT'S AGGRAVATED BATTERY.

(5)

25. MOREOVER, AT PARAGRAPH 17, I RETAINED THE RIGHT TO AMEND MY LAWSUIT "TO ADD FACTS AND OTHER PARTIES, AS I SEEK "DISCOVERY" OF OTHER VITAL INFORMATION, AS THERE IS THE ISSUE OF THE IDENTITY OF THE "FIVE OTHER WHITE GUARDS" WHO ASSISTED IN DEFENDANT REMOVING ME FROM MY CELL, AND THROWING ME INTO A BRICK WALL (LAWSUIT, PARAGRAPH 7).

A). (DID THOSE OTHER 5 WHITE GUARDS KNOW DEFENDANT WAS GETTING THEIR HELP TO CARRY ME OFF CAMERA TO INJURE ME INTENTIONALLY? IF SO, ARE THEY LIABLE FOR THE ATTACK, AND/OR FOR FAILING TO INTERVENE TO PREVENT DEFENDANT FROM ATTACKING/INJURING ME? WHO WERE THOSE OTHER 5 WHITE GUARDS?)

B). (IS INMATE "FLAV" LIABLE FOR STEALING MY LEGAL PAPERS FOR DEFENDANT? WHAT'S HIS REAL NAME? WAS HE THREATENED BY DEFENDANT, IF HE DID NOT DO AS DEFENDANT COMMANDED HIM?).

C). (WHAT IS THE BLACK "HITMAN'S" NAME? DID DEFENDANT PAY HIM OR THREATEN HIM TO GET HIM TO PULL A KNIFE ON ME, AND WAS HE TO KILL ME IF I RESISTED BEING POKED IN THE EYE? WOULD HE HAVE STABBED ME IF I RESISTED THE TAKING OF MY MATTRESS?).

26. CLEARLY, PLAINTIFF HAS PLED SUFFICIENTLY TO OVERCOME DISMISSAL AND PROCEED FORWARD.

27. DEFENDANT ADMITS THAT PLAINTIFF'S FACTS MUST BE TAKEN AS TRUE AND MUST BE VIEWED IN A LIGHT MOST FAVORABLE TO PLAINTIFF, AND THAT THE COURT SHOULD ASSUME THE VERACITY AND DETERMINE WHETHER THE FACTS PLAUSIBLY GIVE RISE TO AN ENTITLEMENT TO RELIEF (MTD, AT PAGES 3, 4).

28. CONSEQUENTLY, UNDER PLAINTIFF'S SWORN FACTS IN THE LAWSUIT, AND THE SWORN FACTS IN THIS "REPLY TO MTD", PLAINTIFF ASKS HIS CASE BE ALLOWED TO PROCEED, AND THE MTD BE DENIED.

*GERARD D. JONES*

(6)

## JURAT/OATH/CERTIFICATE OF SERVICE/NEW ADDRESS

I DECLARE UPON AND UNDER PENALTY OF PERJURY OATH THAT I HAVE READ THIS "REPLY TO MTD" AND THE "MOTION TO ACCEPT AS TIMELY FILED", AND ALL FACTS ARE TRUE AND CORRECT, PER 28 U.S.C. 1746(2). /s/ Gerardo Jones

THIS WAS SIGNED, SWORN, DATED AND SENT BY U.S. MAIL, "MAILBOX RULE" ON 8-1-2024, TO:

(ORIGINAL)
CLERK OF COURT
M.D. ORLANDO
401 W. CENTRAL BLVD
ORLANDO, FL
32801-
((407) 835-4200)

(1 COPY)
DEFENSE COUNSEL
JESSICA SCHWIETERMAN
SENIOR AAG
3507 E. FRONTAGE ROAD, #150
TAMPA, FL. 33607

NOTICE OF NEW ADDRESS:

→ * GERARDO JONES
# 2024-24859
520 FALKENBURG ROAD JAIL
TAMPA, FL. 33619

(7)