# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

GERRARD JONES,

    Plaintiff,

v.                                         Case No. 6:23-CV-1738-PGB-DCI

SERGEANT J. TEIXEIRA,

    Defendant.

_____/

## DEFENDANT SERGEANT J. TEIXEIRA'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

**COMES NOW**, Defendant SERGEANT J. TEIXEIRA, (hereinafter "Defendant") hereby files this Answer, Affirmative Defenses, and Demand for Jury Trial, in response to Plaintiff's Amended Complaint. ECF No. 29, hereinafter, "Complaint." Defendant states as follows:

## ANSWER

The specific responses to the allegations are presented in the same sectioned structure as Plaintiff's Complaint. ECF No. 29.

### SECTION I: JURISDICTION AND VENUE

1. Admitted.
2. Admitted.
3. Admitted.
4. Without knowledge, therefore denied.

## SECTION II: PARTIES

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted that Plaintiff retained counsel, denied that Plaintiff is entitled to attorney's fees and costs.

## SECTION III: FACTUAL ALLEGATIONS

10. Admitted that Plaintiff was incarcerated at Santa Rosa Correctional Institution. Denied that Plaintiff was brutally attacked by prison guards.

11. Admitted.

12. Denied.

13. Without knowledge as to what transpired between Plaintiff and the inmate orderly, therefore denied.

14. Denied.

15. Denied.

16. Admitted that Plaintiff yelled down the wing. Without knowledge as to the communication between Plaintiff and the inmate orderly or what Plaintiff said when he yelled, therefore denied.

17. Denied.

18. Denied.

19. Without knowledge as to Plaintiff's actions, therefore denied.

20. Denied.

21. Denied.

22. Admitted that inmates are scorned by other inmates, denied that they are subject to severe abuse.

23. Denied.

24. Denied.

25. Admitted that Plaintiff was acting disorderly, and Defendant threatened to use force to maintain order, denied as to the remaining facts in the paragraph.

26. Admitted that Plaintiff filed a grievance, denied that Defendant threatened Plaintiff.

27. Without knowledge as to Plaintiff placing grievance into the submission box, therefore denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Admitted that Plaintiff sought medical attention but denied that Plaintiff had a new diagnosis with an eye injury, denied as to the remaining facts of the paragraph.

38. Without knowledge as to Plaintiff's discussion with medical staff, therefore denied.

39. Admitted.

40. Denied.

41. Without knowledge as to when Plaintiff mailed his motion to the court, therefore denied.

42. Admitted.

43. Denied that Defendant poked Plaintiff in the eye. Without knowledge as to Plaintiff's current state of vision, therefore denied.

44. Without knowledge as to Plaintiff's current mental health status, therefore denied.

**SECTION IV: COUNT I: VIOLATION OF 42 U.S.C. §1983: EXCESSIVE USE OF FORCE**

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

### SECTION V: COUNT II: VIOLATION OF 42 U.S.C. §1983: FIRST AMENDMENT RETALIATION

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## **AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE – Plaintiff's Complaint fails to establish the presence of any violation of any rights, privileges or immunities secured by the United States Constitution against Defendant.

SECOND AFFIRMATIVE DEFENSE- Plaintiff's Complaint fails to establish or demonstrate the presence of any constitutionally cognizant injury as a result of the actions or inactions of Defendant.

THIRD AFFIRMATIVE DEFENSE- Defendant acted reasonably within the discretion of her position, and the course and scope of her employment, and did not violate any clearly established statutorily or constitutional right of the Plaintiff, which a reasonable person would have known, and therefore is entitled to qualified immunity from suit.  By use of this Affirmative Defense, Defendant in no manner, implied or otherwise, admits to any of Plaintiff's allegations as so herein indicated.

FOURTH AFFIRMATIVE DEFENSE- Any and all claims against Defendant in her official capacity are barred by the immunities and protections of the Eleventh Amendment.

FIFTH AFFIRMATIVE DEFENSE- At all-time material hereto, Defendant's actions, as a state official, was reasonable, in good faith, without malice, were undertaken pursuant in the performance of his duties, and were within the scope of his duties.

SIXTH AFFIRMATIVE DEFENSE- Defendant is entitled to reduction of any award to the Plaintiff for indemnity received by the Plaintiff from collateral sources as provided for §768.76, Florida Statutes, as well as any judgments or debts owed to the State of Florida, including civil restitution liens pursuant to § 960.292(2) and § 960.293(2)(b), Florida Statues.

SEVENTH AFFIRMATIVE DEFENSE- Defendant at all times took actions that were legitimate and non-discriminatory with respect to Plaintiff.

EIGHTH AFFIRMATIVE DEFENSE- Plaintiff cannot establish that Defendant acted with a sufficiently culpable state of mind required for liability under 42 U.S.C. § 1983.

NINTH AFFIRMATIVE DEFENSE- The damages and relief sought by Plaintiff are unreasonable, unwarranted, and excessive.

TENTH AFFIRMATIVE DEFENSE- Plaintiff failed to properly exhaust his administrative remedies; therefore, this action is barred.

ELEVENTH AFFIRMATIVE DEFENSE- Plaintiff has failed to state a claim for punitive damages because he has not alleged the type of conduct that would meet the standards set for by *Smith v. Wade*, 461 U.S. 30, 56 (1983).

TWELFTH AFFIRMATIVE DEFENSE- Plaintiff failed to mitigate his claimed injuries and damages; therefore, Plaintiff's claimed damages must be reduced by the amount Plaintiff could have reasonably received if he had taken advantage of such opportunities.

THIRTEENTH AFFIRMATIVE DEFENSE- Plaintiff failed to state a claim upon which relief can be granted.

FOURTEENTH AFFIRMATIVE DEFENSE- Defendant did not use excessive for against Plaintiff.

FIFTEENTH AFFIRMATIVE DEFENSE- Defendant did not cause Plaintiff's alleged injuries, nor were said injuries a result of an act or omission by Defendant.

SIXTEENTH AFFIRMATIVE DEFENSE- The use of any force by Defendant was applied in a good faith effort to maintain or restore discipline, and not to maliciously or sadistically cause harm.

SEVENTEENTH AFFIRMATIVE DEFENSE- Plaintiff's filing of grievances and lawsuits was not impaired by any action of the Defendant.

EIGHTEENTH AFFIRMATIVE DEFENSE- Defendant did not act in a manner to prevent Plaintiff from filing grievances, lawsuit, or expressing his first amendment rights.

NINETEENTH AFFIRMATIVE DEFENSE- Defendant's actions were not based on Plaintiff's filing of grievances or lawsuits.

TWENTIETH AFFIRMATIVE DEFENSE-Plaintiff did not suffer an adverse action of his constitutional rights based on Defendant's conduct.

TWENTY-FIRST AFFIRMATIVE DEFENSE – Plaintiff is not entitled to an award of attorney's fees.

TWENTY-SECOND AFFIRMATIVE DEFENSE – Plaintiff's damages were directly and proximately caused by the Plaintiff's own conduct. Plaintiff's actions were

in violation of Florida Department of Corrections rules and regulations for prisoners as Plaintiff failed to follow the rules and maintained contraband within the facility. Any recovery by Plaintiff should be barred or proportionately reduced according to Florida's doctrine of comparative negligence.

## RESERVATION OF RIGHT TO AMEND

Defendant reserves the right to amend and supplement these affirmative defenses adding such additional affirmative defenses as may appear appropriate upon further discovery being conducted in this case.

## DEMAND FOR JURY TRIAL

The Defendant demands that a trial by jury be had on all issues raised by the pleadings and so triable.

Date: September 24, 2024

                                            Respectfully Submitted,

                                            **ASHLEY MOODY**
                                            **ATTORNEY GENERAL**

                                            /s/ Jessica Schwieterman
                                            Jessica Schwieterman
                                            Senior Assistant Attorney General
                                            Florida Bar No. 116460
                                            Office of the Attorney General
                                            3507 E. Frontage Road, Suite 200
                                            Tampa, FL 33607
                                            T - (813) 233-2880; F - (813) 281-1859
                                            Jessica.Schwieterman@myfloridalegal.com
                                            Victoria.Lingua@myfloridalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2024, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.

/s/ Jessica Schwieterman  
Jessica Schwieterman  
Senior Assistant Attorney General
