UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GERRARD JONES,

    Plaintiff,

v.                                            Case No. 6:23-cv-1738-PGB-DCI

J. TEIXEIRA,

    Defendant.

**JOINT MOTION TO MODIFY SCHEDULING ORDER**

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, the parties file this joint motion to modify the Scheduling Order [ECF No. 34] to extend the remaining deadlines by 60 days. In support, the parties state:

**I.    BACKGROUND**

This is a lawsuit brought by Gerrard Jones, formerly a state prisoner, concerning claimed violations of the First and Eighth Amendments, while he was incarcerated in special confinement at Tomoka Correctional Institution. [*See, generally*, ECF No. 29]. Specifically, Plaintiff alleges use of excessive force and threats. [*See id.*]

In connection with litigating the case, in September 2024 Plaintiff subpoenaed the Florida Department of Corrections (FDOC) for records. Since then, FDOC has produced multiple tranches of documents, and Plaintiff's counsel has diligently worked with FDOC to acquire records yet to be turned over. FDOC attorney Aman Dhaliwal has been very cooperative and is working to obtain yet outstanding records. Missing records, for example, include logs of individuals entering the confinement unit, and documents from the FDOC's Office of Inspector General, which Plaintiff alleges conducted an investigation in this matter. Plaintiff contends these documents and others are relevant and their disclosure important to his case.

Plaintiff took Defendant's deposition on July 16, 2025, but the deposition was not completed and has been continued by agreement of the parties. Plaintiff believes missing records from FDOC may be useful in the continued deposition.

Notwithstanding any change to the scheduling order, the parties are scheduled to mediate August 7, 2025 and will attend mediation that day.

Accordingly, the parties request an additional 60 days for the remaining deadlines to permit the parties ample time to complete discovery thereafter.

## II.  MEMORANDUM OF LAW

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted).

Rule 16 of the Federal Rules of Civil procedure grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). If litigants diligently pursue their rights but for reasons other than their own negligence are unable to meet scheduling order deadlines, the court should exercise its discretion and modify its scheduling order. *Payne v. Ryder Systems*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

If the schedule is not modified the parties believe they would not be able to adequately complete discovery in this case, as complete disclosure of the FDOC records is paramount to the parties' evaluation of the case and preparation for trial. Accordingly, the parties seek modification of the following deadlines:

|  | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Discovery Deadline | August 4, 2025 | October 3, 2025 |
| Mediation | August 14, 2025 | No change |
| Dispositive Motions, *Daubert*, and *Markman* Motions | September 2, 2025 | November 3, 2025 |
| Meeting In Person to Prepare Joint Final Pretrial Statement | December 1, 2025 | January 30, 2026 |
| Joint Final Pretrial Statement (including a single set of jointly-proposed Jury Instructions and Verdict Form, Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form, and Deposition Designations) | December 15, 2025 | February 13, 2026 |
| All Other Motions Including Motions *In Limine* and Objections to Deposition Designations and Counter-Designations on approved form | December 22, 2025 | February 20, 2026 |
| Objections to Counter-Designations | December 29, 2025 | February 27, 2026 |
| Final Pretrial Conference | January 20, 2026 | March 23, 2026 |
| Trial Term Begins | February 2, 2026 | April 6, 2026 |

4

### III. CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court grant this motion and enter an order amending the Scheduling Order to modify the deadlines as set forth in the above table.

Dated: July 25, 2025.

> Respectfully submitted,

| | |
|---|---|
| /s/ Joshua Tarjan<br>Joshua Tarjan (FBN 107092)<br>THE TARJAN LAW FIRM P.A.<br>12372 SW 82 Avenue<br>Pinecrest, FL 33156<br>(305) 423-8747<br>(323) 243-3186 (cell)<br>(786) 842-4430 (fax)<br>josh@tarjanlawfirm.com<br><br>*Lead Counsel for Plaintiff* | JAMES UTHMEIER<br>ATTORNEY GENERAL<br><br>/s/Jessica Schwieterman<br>Jessica Schwieterman<br>Senior Assistant Attorney General<br>Florida Bar No. 116460<br>Office of the Attorney General<br>3507 E. Frontage Road, Suite 150<br>Tampa, FL 33607<br>T - (813) 233-2880; F - (813) 281-1859<br>Jessica.Schwieterman@myfloridalegal.com<br><br>*Lead Counsel for Defendant* |

### **Local Rule 3.01(g) Certification**

I CERTIFY that counsel for the parties have conferred and agree to the relief sought.

> /s/ Joshua Tarjan

## Certificate of Service

I CERTIFY the foregoing was filed electronically on 7/25/25 and served to counsel of record registered to be notified by the CM/ECF electronic mail system.

<u>/s/ *Joshua Tarjan*</u>