AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| GERRARD JONES | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 6:23-cv-1738-PGB-DCI |
| J. TEIXEIRA | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: SECRETARY RICKY D. DIXON, Florida Department of Corrections, 501 South Calhoun Street, Tallahassee, FL 32399-2500

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Records described in the attached Exhibit A

| Place: The Tarjan Law Firm P.A.<br>12372 SW 82 Avenue<br>Pinecrest, FL 33156 | Date and Time:<br>10/09/2024 2:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/18/2024

CLERK OF COURT

OR

_____          /s/ Joshua Tarjan
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Gerrard Jones , who issues or requests this subpoena, are:

Joshua Tarjan, 12372 SW 82 Avenue, Pinecrest, FL 33156, (305) 423-8747, josh@tarjanlawfirm.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 6:23-cv-01738-PGB-DCI     Document 45-1     Filed 08/12/25     Page 2 of 14 PageID 247

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 6:23-cv-1738-PGB-DCI

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GERRARD JONES,

    Plaintiff,

v.

J. TEIXEIRA,

    Defendant.

Case No. 6:23-cv-1738-PGB-DCI

**EXHIBIT A TO SUBPOENA TO FLORIDA DEPARTMENT OF CORRECTIONS PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**

Please produce all records and things requested below by the date provided in the subpoena to the attention of Joshua Tarjan, Esq., The Tarjan Law Firm P.A., 12372 SW 82 Avenue, Pinecrest, FL 33156. Given the nature of the documents requested, you are requested to alternatively produce responsive documents electronically to josh@tarjanlawfirm.com.

Please contact us upon receipt of this subpoena so that we may negotiate an appropriate HIPAA-Qualified Protective Order and/or confidentiality agreement prior to disclosure so that we may receive responsive materials without redaction subject to limitations for certain personal information.

1

# DEFINITIONS AND INSTRUCTIONS

## Definitions

1. The term "person" means any individual, natural person, witness, partnership, association, firm, corporation, organization, trust, governmental or public entity, and/or any of its agents, employees, assigns or representatives.

2. "Jones" or "Plaintiff" means Gerrard Jones.

3. "Defendant" or "Teixeira" means Johnathan Teixeira.

4. "FDOC," "you," or "your" means nonparty Florida Department of Corrections, and its employees, agents, servants, representatives, and all other persons acting on its behalf.

5. "Tomoka C.I." means Tomoka Correctional Institution in Daytona Beach, Florida.

6. "E Dorm" shall refer to the Tomoka C.I. Main Unit E Dorm.

7. The "Matter Sued Upon" means actions of Defendant against Plaintiff on August 8 and 9, 2021, including destroying Plaintiff's legal documents and injuring Plaintiff while he was in confinement at Tomoka CI.

8. The terms "concerning," "relating to," or "relate to" shall mean to make a statement about, discuss, describe, disclose, confirm, support, describe, reflect, constitute, identify, deal with, consist of, establish, comprise, list, evidence, substantiate, or in any way pertain (in whole or in part) to the subject.

9. The words "and" as well as "or" shall be construed both disjunctively and conjunctively; the word "all" means "any and all"; the word "any" means "any and all"; the word "each" means "each and every"; the word "every" means "each and every.

10. The singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each gender.

11. The term "document" is defined to include, but is not limited to, any papers, writings, drafts, photographs, pictures, audio recordings, visual recordings, videos, notes, letters, diaries, agreements, contracts, calendars, memoranda, reports, drawings, plans, blueprints, notation books, financial records, computer or other business machine records, communications sent via any electronic means, including but not limited to internet, extranet and intranet, and any attachments to such electronic communications and any other data, compilations or written or graphic material stored in a tangible, electronic, mechanical or electric form, or any representation of any kind, including, but not limited to, materials stored on or in computer disks, networks, mainframes, hard drives, CD-ROM, tapes or other forms of memory, as well as back-up and deleted files of any computer, computer storage device or media, whether located on or off site, from which the information can be obtained, as well as any draft, nonidentical copy, and/or translation of the foregoing. A draft or non-identical

copy is a separate document within the meaning of the term.

12. The term "communication(s)" means any transmission of data or information by whatever medium, and includes, but is not limited to, telephone calls, physical correspondence and email, recorded voice messages, exchanged handwritten notes or images, instant messages, direct messages, text messages, transmitted files, communications through proprietary software or third-party applications, communications through social media applications, and all other means and manner of transmission of data or information.

13. "Including" shall mean including but not limited to.

## Instructions

You shall identify and produce all documents that can be located or discovered through diligent effort by you, your employees, representatives, agents, attorneys, consultants or accountants. This instruction applies to all documents that are in the business or personal files of, or accessible to you or your employees, or in the possession of, or accessible to your representatives, agents, attorneys, consultants or accountants. Each document shall be produced in the form in which it is maintained in the normal course of your activities.

2. If you object to the production of any document covered by any of these Requests, in the response to the specific request that encompasses the document, state the objection, the basis for the objection and whether or not the

document is being withheld because of the objection. For each document being withheld for any reason, including a claim of privilege, state the following in the response to the request encompassing the document:

    a.     the reason or reasons you are withholding the document, including any specific privilege you claim protects the document;

    b.     the facts supporting the privilege or other reason or reasons for withholding the document;

    c.     the date when the document was prepared or originated;

    d.     the name(s) or the person(s) who wrote or prepared the document, along with information regarding their relationship to the person(s);

    e.     the names of each person to whom the document was addressed or copied, as well as the names of each person who may have seen the document, along with information regarding your relationship to each person;

    f.     the subject matter of the document; and

    g.     the name and address of each person who has personal knowledge of the subject matter of the document.

3.     If you object or otherwise refuse to respond or produce documents in response to any portion of a document request, you shall provide all documents and information called for by that portion of the request for production that you do not object to and/or to which you do not refuse to respond as follows:

    a.     If you object to a document request on the ground that it is too

5

        broad (i.e. if you believe it calls for information outside the scope of permissible discovery as defined by Rule 45 of the Federal Rules of Civil Procedure), you shall produce documents and things in response to that Request by producing all documents and things that are within the permissible scope of discovery and identify all categories of documents being withheld;

    b.    If you object to a document request on the ground that to produce documents and things would constitute an undue burden, then you shall produce as many of the requested documents and things as can be provided without undertaking an undue burden;

    c.    If you object to any portion of a document request on the ground that it is vague or indefinite, then you shall set forth your understanding of the allegedly vague or indefinite term and shall then produce documents and things based upon that stated understanding.

4.    Please produce documents responsive to individual Requests as soon as possible and without waiting to produce documents responsive to other Requests whenever possible.

6.    You are cautioned against providing boilerplate objections without providing a detailed basis for the objection. Such objections are improper under Rule 45(d)(2)(B).

7.    All materials are demanded without redactions except for: information required to be redacted in Fed.R.Civ.P. 5.2; and personal information set forth in Florida Statutes 119.071(4)(d)2a; provided, however, redaction should not include any birth years or the last four digits of any social security number.

# REQUESTED DOCUMENTS

1. All audio and video recordings (highest quality available) — including from fixed-wing, handheld and body worn cameras — for E Dorm for August 7, 2021 through August 10, 2021.

2. Any photos, videos and audio recordings relating to the matter sued upon.

3. All incident reports, MINS reports, and investigation reports, and appendices to such reports relating to the matter sued upon.

4. All MINS reports for Plaintiff for July, August and September 2021.

5. All OBIS logs for Plaintiff for July, August and September 2021.

6. Classification files of Plaintiff from January 1, 2021 through December 31, 2023, including inmate requests, grievances, appeals and responses.

7. DC14 for Plaintiff.

8. All DC6-233C Report of Close Management forms for Plaintiff for July, August and September 2021.

9. All DC6-228 Inspection of Special Housing Record forms for E Dorm August 6, 2021 through September 6, 2021.

10. All DC6-229 Daily Record of Special Housing forms and DC6-229B Daily Record of Special Housing – Supplemental forms for Plaintiff, August 6, 2021 through September 6, 2021.

11. All grievance logs identifying Plaintiff's grievances from July 1, 2021 to the present.

12. All of Plaintiff's medical records from January 1, 2016 through the present.

13. All mail logs (legal or regular mail) listing Plaintiff's mail (incoming or outgoing), for July, August and September 2021.

14. For August 6, 2021 through August 11, 2021:

    a. All rosters and logs listing inmates and staff present in E dorm during Defendant's assigned shifts.

    b. All logs pertaining to opening and closing any doors in E Dorm.

    c. All DC6-221 (Cell Inspection) and DC6-220 (Inmate Impounded Property List) forms for Plaintiff.

    d. All DC6-210 Incident Report forms for Plaintiff.

    e. All daily records of special housing for Plaintiff not otherwise described herein.

    f. All DC6-209 Housing Unit Log forms for E dorm.

    g. All rosters, logs and other lists of all FDOC employee duty assignments, all shifts, throughout Tomoka C.I.

    h. All rosters, logs and other lists identifying, with names and DC numbers, all inmates housed in E Dorm.

8

      i. All rosters, logs and other lists showing inmate work assignments, all shifts, throughout Tomoka C.I., identifying each inmate by name and DC number

15. Production quality photographs of all male FDOC employees, with the employee's full name, who entered E Dorm on August 8 or 9, 2021, for identification by Plaintiff and witnesses.

16. Personnel file of Defendant, including discipline and use of force files, along with production quality photograph for identification by witnesses.

17. All DC6-295 forms for Defendant.

18. Post Orders applicable to Defendant on August 8 and 9, 2021.

19. All MINS reports for Defendant for August 2021.

20. Use of Force Training logs for Defendant.

21. FDOC policy records relating to officers, staff, inmate laborers, inmate housemen, and inmate orderlies handling and processing inmate property and mail, including legal mail.

22. FDOC policy records relating to:

    a. corrections officers routinely encountering inmates at or in confinement cells;

9

  b. cuffing and restraining inmates when routinely removing inmates from confinement cells and placing them into confinement cells, including use of cell door lockboxes;

  c. routinely opening and closing confinement cell doors;

  d. duties of security booth personnel with respect to routinely opening and closing confinement cell doors; and

  e. orderlies, housemen, and other inmates entering confinement cells where they do not reside.

23. Training lesson materials, including any training videos and links to on-line materials, relating to officers, staff, inmate laborers, inmate housemen, and inmate orderlies handling and processing inmate property and mail, including legal mail.

24. Training lesson materials, including any training videos and links to on-line materials, relating to:

  a. corrections officers routinely encountering inmates at or in confinement cells;

  b. cuffing and restraining inmates when routinely removing inmates from confinement cells and placing them into confinement cells, including use of cell door lockboxes;

  c. routinely opening and closing confinement cell doors;

      d. duties of security booth personnel with respect to routinely opening and closing confinement cell doors; and

      e. orderlies, housemen, and other inmates entering confinement cells where they do not reside.

25. All e-mails with Plaintiff's name or DC Number in the subject line from July 1, 2021 through December 31, 2022, including medical examination and treatment and any responses to Plaintiff's grievances and grievance appeals. Please search using the following variations of Plaintiff's name and misspellings: "Jones, Gerrard"; "Jones Gerrard"; "Jones, Gerard" (misspelling); "Jones Gerard" (misspelling); "Gerrard D. Jones"; "Gerard D. Jones"; (misspelling); "Gerrard D Jones"; "Gerard D Jones" (misspelling); "Gerrard Jones"; "Gerard Jones" (misspelling); "DC# 503034"; "DC#503034"; "DC # 503034"; "DC #503034"; "DC503034"; "DC 503034"; and "503034".

26. Any statements of Plaintiff relating to the matter sued upon.

27. Any statements of Defendant relating to the matter sued upon.

28. Floorplan of E Dorm, including location of upper and lower tier cells and security booth.

29. A Disposition of Records form for any responsive records that were destroyed.